1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEPHEN R. TOWNZEN,

11          Plaintiff,                    No. CIV S 06-1996 DFL DAD P

12       vs.

13   STATE OF CALIFORNIA, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is an El Dorado County jail inmate proceeding pro se with a civil rights

17   action seeking relief pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.  Plaintiff's complaint was

18   accompanied by a request to proceed in forma pauperis.

19          Plaintiff did not submit his request to proceed in forma pauperis on a proper form.

20   Accordingly, the request will be denied and plaintiff will be granted thirty days to submit the

21   $350.00 filing fee or a properly completed in forma pauperis application on the form provided

22   with this order.  If plaintiff chooses to submit an in forma pauperis application, the certificate

23   section of the form must be completed by a jail official.  Also, the in forma pauperis application

24   must include a certified copy of plaintiff's jail trust account statement for the six month period

25   immediately preceding the filing of this action.

26   /////

                                        1

1      Plaintiff's complaint was also accompanied by a request for removal of his state

2  criminal cases to federal court, a stay of those cases, and plaintiff's immediate release from jail.

3  Plaintiff alleges that his many claims against the numerous defendants named in this action

4  cannot be pursued successfully in the state criminal cases, that removal of the criminal cases is

5  necessary for reasons of national security and defense, and that he is being held pursuant to false

6  charges.  Plaintiff's sole federal remedy with respect to his state criminal proceedings and his

7  confinement in jail lies in a petition for writ of habeas corpus.  However, plaintiff may not seek

8  federal habeas relief until his state criminal proceedings have been completed and he has

9  exhausted state court remedies available for any convictions that result from the state criminal

10  proceedings.  Plaintiff's request for removal of his state criminal cases, a stay of those cases, and

11  release from jail must be denied.

12      On September 18, 2006, and September 22, 2006, plaintiff filed motions to stay

13  this case.  Plaintiff complains that he cannot properly litigate this case while he is in jail and

14  proceeding without counsel.  On October 2, 2006, plaintiff filed a request for a response to his

15  motions; on October 3, 2006, he filed a request for the status of his motions; and on October 11,

16  2006, he requested judicial notice that he has asked the United States District Court for the

17  District of Columbia to remove this action to that court.  Plaintiff's motions for an indefinite stay

18  of this action are not supported legally or factually.  Those motions and all pending requests

19  related to the motions will be denied.

20      If plaintiff pays the filing fee or files a properly completed in forma pauperis

21  application that makes the showing required by federal law, the undersigned will issue an order

22  screening plaintiff's complaint, as required by federal law.  A preliminary review of plaintiff's

23  complaint reveals that the pleading is defective in numerous ways.  First, plaintiff seeks to re-

24  litigate claims that were resolved in the defendants' favor in 1994 affirmed on appeal in 1995 in

25  case No. CIV S-91-1220 WBS GGH (E.D. Cal.).  All duplicative claims must be dismissed from

26  this action with prejudice.  Second, plaintiff's claims of illegal confinement must be dismissed

1   because such claims can be pursued in federal court only in habeas corpus proceedings filed after

2   exhaustion of state court remedies.  Third, plaintiff has sued many entities and individuals who

3   are entitled to immunity, as well as many individuals who are not state actors for purposes of the

4   civil rights statutes relied upon by plaintiff.  Fourth, plaintiff's vague and conclusory allegations

5   about national security, jail conditions, and access to the courts are insufficient to state any claim

6   upon which relief may be granted.  In addition to these defects, some claims may be barred by the

7   applicable statute of limitations, while the claims concerning jail conditions and access to the

8   court are subject to dismissal if plaintiff did not exhaust administrative remedies by filing jail

9   grievances and pursuing them to the highest level available prior to bringing this action.

10          In light of the defects described above and plaintiff's assertion that he cannot

11   prosecute this action while he is in jail, plaintiff may wish to file a notice of voluntary dismissal

12   instead of an in forma pauperis application.

13          In accordance with the above, IT IS HEREBY ORDERED that:

14          1.  Plaintiff's September 6, 2006 application to proceed in forma pauperis

15   (docketed as #2) is denied without prejudice;

16          2.  Plaintiff is granted thirty days from the date of this order to submit the $350.00

17   filing fee or a properly completed application to proceed in forma pauperis on the form provided

18   with this order; plaintiff's failure to comply with this order will result in a recommendation that

19   this action be dismissed without prejudice;

20          3.  Plaintiff's September 6, 2006 request for removal of state cases, stay of those

21   cases, and release from jail (docketed as #3) is denied;

22          4.  Plaintiff's motions to stay filed September 18, 2006 (docketed as #5) and

23   September 22, 2006 (docketed as #6), request for a response filed October 2, 2006 (docketed as

24   #7), and request for status filed October 3, 2006 (docketed as #8) are denied;

25          5.  Plaintiff's October 11, 2006 request to take judicial notice of request for

26   removal filed in another district court (docketed as #9) is denied; and

1          6.  The Clerk of the Court is directed to send plaintiff a copy of the form

2   Application to Proceed In Forma Pauperis By a Prisoner for use in a prisoner civil rights action.

3   DATED: November 9, 2006.

4

5   _____

DALE A. DROZD

6   UNITED STATES MAGISTRATE JUDGE

7   DAD:13:bb
town1996.3dmots

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26