1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEPHEN R. TOWNZEN,

11            Plaintiff,                No. CIV S-06-1996 DFL DAD P

12       vs.

13   STATE OF CALIFORNIA, et al.,

14            Defendants.              ORDER

15   _____/

16          Plaintiff is a county jail inmate proceeding pro se.  On November 9, 2006, the

17   magistrate judge denied plaintiff's in forma pauperis application, granted plaintiff thirty days to pay

18   the filing fee or file a properly completed application to proceed in forma pauperis, and denied six

19   miscellaneous requests and motions.  Plaintiff has filed a document titled "Objection/Motion for the

20   Court to Vacate its Nov. 9, 2006 Court Order in the Instant Case."

21          Plaintiff's filing will be construed as a request for reconsideration by the district court

22   of a magistrate judge's ruling.  See Local Rule 72-303(c) (permitting a party who is dissatisfied with

23   a magistrate judge's order to seek reconsideration by filing a document titled "Request for

24   Reconsideration by the District Court of Magistrate Judge's Ruling").

25          Reconsideration must be sought within ten court days calculated from the date on

26   which the Clerk of the Court serves the magistrate judge's order.  See Local Rule 72-303(b).  The

1

order at issue was served on plaintiff at his address of record on November 9, 2006.  Due to plaintiff's failure to notify the court of a change of address, plaintiff's copy of the order was returned to the court on November 20, 2006.  The order was re-served on plaintiff at a new address on December 19, 2006.  In the interests of justice, the court will consider plaintiff's untimely request for reconsideration.

Plaintiff asserts first that he has not consented to the jurisdiction of the magistrate judge.  Under 28 U.S.C. § 636(c), a magistrate judge may conduct all proceedings in a civil matter and order entry of judgment in the case upon consent of the parties.  In addition, in cases in which the parties have not consented to proceed before a magistrate judge for all purposes, a district judge may nevertheless designate a magistrate judge to hear and determine any pretrial matter pending before the court except those matters specified in 28 U.S.C. § 636(b)(1)(A).  The district judge may also designate a magistrate judge to conduct hearings and submit findings of fact and recommendations for the disposition by the judge of excepted motions and "prisoner petitions challenging conditions of confinement."  28 U.S.C. § 636(b)(1)(B).

In the Eastern District of California, magistrate judges are designated to perform all duties permitted by law in cases brought by persons in custody seeking relief authorized by 42 U.S.C. § 1983, including dispositive and non-dispositive motions and matters.  Local Rule 72-302(a) and (c)(17).  Although a district judge may retain any matter otherwise routinely referred to a magistrate judge, requests for retention of such matters are looked upon with disfavor and granted only in unusual and compelling circumstances.  Local Rule 72-302(d).  Plaintiff has not shown that there are unusual and compelling circumstances that warrant retention of this case.

Plaintiff asserts next that this case "was in the jurisdiction of the U.S. District Court, District of Columbia."  He argues that his mother "obtained the file number for the case in the District of Columbia from this Court."  Plaintiff is mistaken.  District courts do not provide litigants with case numbers for cases to be filed in other courts.  If plaintiff wishes to dismiss this action and file an action in another court, he may do so.

1          Plaintiff's contentions regarding alleged inability to appeal and alleged discovery of

2   new evidence to support old claims do not support plaintiff's motion to vacate the magistrate judge's

3   November 9, 2006 order.  Plaintiff's contention that he sent a change of address to the court on or

4   about November 4, 2006, is not supported by the record, as no documents were received from

5   plaintiff for filing in this case between October 11, 2006, and December 12, 2006.

6          Accordingly, IT IS HEREBY ORDERED that plaintiff's December 29, 2006

7   "Objection/Motion for the Court to Vacate Its Nov. 9, 2006 Court Order," construed as a request for

8   reconsideration by the district court, is denied.

9          ENTERED this 30th day of July, 2007.

10                          S/RALPH R. BEISTLINE
                            UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26